IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-30043-DWD-1 |
| | ) |
| LAMONDRA BECKLEY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On July 21, 2021, Defendant Lamondra Beckley pled guilty to three counts of an Indictment charging him with: Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Docs. 42, 72). On November 10, 2021, Defendant was sentenced to a total term of imprisonment of 98 months, to be followed by a three-year term of supervised (Doc. 100). Now before the Court is Defendant's August 11, 2022 letter, which the Court construes as a motion to reduce sentence (Doc. 125). The exact relief Defendant seeks is unclear, however, Defendant generally asks for a reduction in his sentence time (Doc. 125, pp. 4-5). The Government opposes the Motion (Doc. 128). For the reasons detailed below, the Motion will be denied.

1

### Discussion

In his Letter, Defendant expresses remorse for his criminal conduct, and outlines the steps Defendant is taking while in prison to obtain an education. Defendant also expresses a desire to return to his family, and his ill mother. Although Defendant asks the Court for "a reduction in time" to his sentence, Defendant does not specify under what authority the Court may act to reduce his sentence here. "Once a district court imposes a criminal sentence, its authority to revisit that sentence is limited, and must be founded on a specific statute or rule." *United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009); *United States v. Hook*, 471 F.3d 766, 771 n.1 (7th Cir. 2006)).

The Court may entertain a motion to reconsider for a brief period after sentencing. *See, e.g., United States v. Hible*, 13 F.4th 647, 649 (7th Cir. 2021). Fed. R. Crim. P. 35 also permits the correction of a sentence for clear error within 14 days after sentencing, or thereafter, upon the Government's motion. Further, under 18 U.S.C. § 3582(c), the Court is allowed to consider a motion by the Bureau of Prisons or the defendant for compassionate release, a motion for a reduction based on a retroactive amendment to the guidelines, or a motion based on a statute, like or 18 U.S.C. § 3742 or the First Step Act, 18 U.S.C. § 3582(c)(1)(A). *See United States v. Redd*, 630 F.3d 649, 650–51 (7th Cir. 2011). Finally, Defendant may also pursue a collateral attack under 28 U.S.C. § 2255, which is a civil proceeding. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).

Here, the provisions of 18 U.S.C. § 3742 and Fed. R. Crim. P. 35 do not appear plainly applicable to Defendant's Motion. Nor is Defendant pursuing a collateral attack

of his sentence. Instead, Defendant seeks to invoke a general sympathy to the Court to revisit his sentence. At best, the Court can construe Defendant's sentence as motion for compassionate relief under to 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of showing that he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Compassionate release is an exception to the general rule that sentences imposed in criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it through the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion, provided they exhaust administrative rights prior to seeking relief in the courts. The Seventh Circuit has held that failure to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) is an affirmative defense that must be raised by the Government or else it is waived. *See United States v. Sanford*, 986 F.3d 779, 781 (7th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

Here, the Government challenges Defendant's exhaustion efforts, arguing that Defendant failed to present any evidence that he previously filed a request with the Warden of USP-Marion before filing his Motion (Doc. 128). The exhaustion of remedies portion of § 3582(c)(1)(A) provides that the defendant may file a motion for compassionate release after the earlier of two events: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2)

3

"the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." The 30-day period is a mandatory claim-processing rule that must be enforced by the Court if the Government raises it. *Sanford*, 986 F.3d at 782 (noting that "may not modify a term of imprisonment" is language of a mandatory claim-processing rule that must be enforced). Thus, where an inmate has not satisfied either option for exhausting his administrative remedies for compassionate release *before* filing his motion, and where the Government has properly invoked the exhaustion defense, the Court must deny the defendant's motion without prejudice to another motion filed *after* exhaustion. *United States v. McKinney*, No. 07-CR-40018-JPG, 2022 WL 479773, at *3 (S.D. Ill. Feb. 16, 2022), *appeal dismissed,* No. 22-1454, 2023 WL 6139572 (7th Cir. June 23, 2023).

Defendant submitted no documents or argument concerning his exhaustion efforts, even after the Court granted him an opportunity to supplement his Motion (*See* Doc. 126). Further, the Government represents that Warden at USP-Marion has received a formal request for compassionate release from Defendant and thus has not had an opportunity to consider his request (Doc. 128, p. 6). Accordingly, there is no evidence in the record that Defendant attempted to contact the Warden of his facility with his request, let alone sought to exhaust his administrative remedies or wait the requisite 30-days following the warden's receipt of his request, before filing his Motion. Therefore, Defendant's Motion must be denied for a failure to exhaust administrative remedies. This denial will be without prejudice. *See, e.g.*, *McKinney*, 2022 WL 479773 (citing *Sanford*, 986 F.3d at 782).

4

Even if Defendant had properly exhausted his administrative remedies, he would still not be entitled to compassionate release on the current record.  While Defendant's remorse and rehabilitation efforts are commendable, "rehabilitation efforts" alone "cannot serve as a stand-alone reason" for compassionate release.  *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022).  Moreover, the sentencing factors in 18 U.S.C. § 3553(a) continue to outweigh any considerations of compassionate release here.  *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns.").

Relevant here, Defendant has only served a short portion of his sentence of imprisonment, having filed his Motion only nine months after his sentencing date.  Defendant committed serious offenses, involving a large amount of methamphetamine and a firearm.  Accordingly, Defendant's sentence remains necessary to reflect the seriousness of his offenses, to provide respect for the law, to provide just punishment, and to adequately deter him and others from committing further crimes.  Moreover, the Government emphasizes Defendant's potential danger to the public should he be released, citing to Defendant's prior criminal conduct, which includes two felony offenses for sexual abuse of a minor.  Thus, Defendant has also not shown that he is not a danger to the community at this time.  For these reasons, even if Defendant's Motion was properly before the Court, compassionate release would be inappropriate.

## Conclusion

For these reasons, Defendant's Motion to Reduce Sentence (Doc. 125) is **DENIED, without prejudice** for a failure to exhaust administrative remedies.

**SO ORDERED.**

Dated: November 17, 2023

_____
DAVID W. DUGAN
United States District Judge